SAMUEL COOMBS and Another v. W. J. BODKIN.[1]

October 23, 1900.

Nos. 12,260—(34).

### Trial—Commission to Take Testimony.

Where, upon the request of a party in a trial to the court, a cause is held open to permit application for a commission to obtain the evidence of a witness in a foreign country, the application should be made within a reasonable time, and with proper diligence thereafter.

### Same—Laches.

Held, in this case, that the trial court, under the exercise of its discre-

[1] Reported in 83 N. W. 986.

tion, properly refused to grant such commission when the party for whose benefit the cause had been so held open waited five months before applying therefor.

Action in the district court for Clay county by Samuel Coombs, as executor of the last will of Elizabeth Coombs, deceased, and another against defendant, as sheriff of said county, to recover $237 and interest, damages for conversion. The case was tried before Baxter, J., who found in favor of plaintiffs. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Edwin Adams* and *F. H. Peterson*, for appellant.

*C. A. Nye*, for respondents.

LOVELY, J.

Action to recover for the conversion of personal property. Issue was joined, and, upon the hearing before the court at the close of plaintiffs' testimony, counsel for defendant indicated that he desired to secure the evidence of one of the plaintiffs who was then in England, and requested the trial court to hold the case open to enable him to apply for a commission to take testimony. The court suspended the hearing of the case to permit defendant to make such application. For more than five months afterwards nothing was done in the case. At the end of this time an application, upon affidavits and interrogatories proposed, was, upon notice to the opposite party, submitted to the court, with the request, proper in form, that a commission might be issued to take the evidence of the absent plaintiff, who was still in England. The court, after considering the application, denied the same, stating, in a memorandum filed in addition to the order denying the application, substantially that the answers to the proposed interrogatories were not material to the issues in the case; also, that for other reasons the application had been denied. Defendant duly excepted to the order denying the application for the commission, and, after judgment was entered for plaintiffs, appeals to this court upon the claim that he was prejudiced by the refusal of the court to issue the commission.

We deem it unnecessary to consider the question whether the answers to the interrogatories proposed were material or not. The

fact that the trial court so held would not be determinative of defendant's right to have his application for a commission granted, for the reason that, after the court had granted time to apply for the same, the unreasonable period of five months was allowed to pass before making the application for which the trial had been held open. Under these circumstances defendant was guilty of such laches in asserting his privilege in the proper and orderly course of justice that he cannot complain of the action of the court in exercising its discretion and refusing his application. Defendant should have proceeded diligently to secure the testimony of the absent witness, and the court was justified, after the long, unexplained, and apparently unnecessary delay, in denying his request for the commission. Under such circumstances, the decision was based upon the exercise of a sound discretion, and disposes of the necessity of considering the materiality of the testimony desired, and the judgment of the court below must be affirmed.

Judgment affirmed.